<u>NOT FOR PUBLICATION</u>

**FILED**
JAMES J. WALDRON, CLERK

**JAN. 23, 2015**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ *Ronnie Plasner*
JUDICIAL ASSISTANT

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**ETTY CYMET-MEOR JAI,**<br><br>    Debtor. | Case No.: 14-22544 (DHS)<br><br>Judge: Donald H. Steckroth, U.S.B.J. |
| **DAVID SADEK,**<br><br>    Plaintiff,<br>**v.**<br><br>**ETTY CYMET-MEOR JAI,**<br><br>    Defendant. | Adv. No.: 14-01801 (DHS) |

**<u>OPINION</u>**

**APPEARANCES:**

David Sadek
100 West 58th Street
New York, NY 10019
*Plaintiff, Pro se*


Scura, Wigfield, Heyer & Stevens, LLP
David L. Stevens
1599 Hamburg Turnpike
Wayne, New Jersey 07470
*Counsel for Defendant,*
*Etty Cymet-Meor Jai*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is the motion ("Motion") of Etty Cymet-Meor Jai ("Debtor") to dismiss the adversary complaint ("Complaint") filed by plaintiff David Sadek ("Plaintiff"). The Motion asserts that the Complaint, which seeks to deny the Debtor's discharge pursuant to sections 523 and 727 of the Bankruptcy Code, must be dismissed because it was not timely filed within 60 days of the first scheduled meeting of creditors as required by Federal Rules of Bankruptcy Procedure 4004 and 4007. The Plaintiff opposes the Motion.

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984, as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (F). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**BACKGROUND AND RELEVANT FACTS**

The Debtor filed a voluntary chapter 7 petition on June 18, 2014. The following day, the "Notice of the Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines" was sent to the Debtor's creditors and parties in interest. (Notice of the Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines ("Deadlines Notice"), In re Etty Cymet-Meor Jai, No. 14-22544 (Bankr. D.N.J. June 19, 2014) ECF No. 3). The Deadlines Notice established September 19, 2014, sixty days after the first scheduled § 341(a) meeting of creditors, as the bar date ("Bar Date") for the filing of objections to the Debtor's discharge or challenges to the dischargeability of certain

3

debts.[1]  The Plaintiff does not object to the validity of service and admits receiving the Deadlines Notice.  An order extending the Bar Date was never entered by this Court and no motion seeking an extension of the Bar Date was filed prior to the September 19, 2014 deadline.

On September 22, 2014, the Plaintiff filed an adversary complaint challenging the dischargeability of a debt owed to him pursuant to §§ 523(a)(2)(A) and 523(a)(6) and objecting to the Debtor's discharge pursuant to §§ 727(a)(2), (a)(4) and (a)(5). (*See* Complaint Objecting to Debtor's Discharge and Dischargeability of Debt, Sept. 22, 2014, ECF No. 1)  The Debtor filed the instant Motion to dismiss on the grounds that the Complaint challenging dischargeability was not timely filed within the time periods allotted by Bankruptcy Rules 4004 and 4007.

### DISCUSSION

The Motion seeks to dismiss the Plaintiff's complaint because it was not timely filed in accordance with Federal Rules of Bankruptcy Procedure 4004 and 4007.  Although the Plaintiff concedes the Complaint was filed after the Bar Date, he argues the Debtor's Motion to dismiss should be denied because his failure to timely file is justified by excusable neglect.  Alternatively, the Plaintiff argues that the Bar Date should be equitably tolled due to the Debtor's failure to turn over bank records allegedly requested by the Plaintiff at the § 341 hearing.

**I.      Fed. R. Bankr. P. 4004 and 4007**

Federal Rules of Bankruptcy Procedure 4004 and 4007 provide that the time period for filing a complaint seeking a determination that a debt is nondischargeable pursuant to section 523 or section 727 of the Bankruptcy Code is sixty days from the first scheduled meeting of

---

[1] Printed in bold on the first page of the Deadlines Notice was the following language: "Deadline to Object to Debtor's Discharge *or* to Challenge Dischargeability of Certain Debts: 9/19/14." *See* Deadlines Notice.

creditors.[2]  *See Mirmingos v. Benjamin*, 288 B.R. 521, 522 (N.D. Ill. 2003) ("Bankruptcy Rules 4004 and 4007 state that a complaint filed in a Chapter Seven bankruptcy proceeding must be filed within sixty days of the creditors' meeting.").  Although Bankruptcy Rule 9006(b) generally allows a party to file a motion after the expiration of the time period provided for in a procedural rule on the basis of "excusable neglect," the limitations on filing a nondischargeability complaint pursuant to Bankruptcy Rules 4004 and 4007 are express exceptions to this rule.[3]  Subdivision (b)(3) of Rule 9006 provides that the time periods for filing under these rules may be enlarged only under the circumstances provided for in the rules themselves.  Fed. R. Bankr. P. 9006(b)(3) ("The court may enlarge the time for taking action under [Rules] 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), [and] 4007(c*) . . .* only to the extent and under the conditions stated in those rules.").  Rule 4007(c) provides "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be filed before the time has expired*." Fed. R. Bankr. P. 4007(c) (emphasis added).  Similarly, Rule 4004(b) provides: "[o]n motion of any party in interest, after notice and a hearing, the court may for cause extend the time to object to discharge.  Except as provided for in subdivision (b)(2), *the motion shall be filed before the time has expired*."[4]  Fed. R. Bankr. P. 4004(b) (emphasis added).  Thus, a plaintiff may file a challenge to the

---

[2] Federal Rule of Bankruptcy Procedure 4004(a) provides: "In a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4004.  Similarly, Federal Rule of Bankruptcy Procedure 4007(c) provides that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c).

[3] Federal Rule of Bankruptcy Procedure 9006(b) provides "[e]xcept as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b).

[4] Subdivision (b)(2) provides that a motion to extend time to object to discharge may be filed after the sixty day period has expired if it is based on facts that would provide a basis for nondischargeability under section 727(d) and were unknown to the movant prior to the deadline.  As will be discussed further, this is not the case here.

5

dischargeability of a debt after the bar date has passed only if a motion for an extension of time was filed prior to the expiration of the bar date.

### A.    **Excusable Neglect**

The Plaintiff argues the Motion should be denied because the Complaint was not timely filed due to excusable neglect.  The Plaintiff relies on the Supreme Court's discussion of the "excusable neglect" standard in *Pioneer Investment Services Company v. Brunswick Associates LP*, 507 U.S. 380 (1983) to support his argument.  Plaintiff's reliance is misplaced, however, because the issue in that case involved defining the scope of excusable neglect under Rule 9006(b).  As discussed, Rules 4004 and 4007 are excepted from Rule 9006(b), and have their own provisions governing when their limitations periods may be enlarged.  The only way for a bar date to be extended is if a motion to extend the time period was filed prior to expiration.  The language is exact and the court has no discretion in applying this rule.  Thus, late filings may not be permitted on the basis of excusable neglect. *See In re Alton*, 837 F.2d 457, 459 (11th Cir. 1988) ("There is 'almost universal agreement that the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a *late filed* motion to extend time to file a dischargeability complaint.'" (citing *In re Maher*, 51 B.R. 848, 852 (Bankr. N.D. Iowa 1985); *In re Johnson*, 282 B.R. 43, 44 (Bankr. M.D. Fla. 2002)  (holding that courts do "not have the discretion to allow an untimely complaint under any of the sections set forth in § 523(c) on the basis of excusable neglect.").  *See In re Mascoll*, 246 B.R. 697, 704 (Bankr. D.D.C. 2000) (noting that the Bankruptcy Rules "have eliminated the discretion courts previously possessed to grant a motion filed after the bar date for an extension based on excusable neglect.") (quoting *Columbia First Fed. Sav. & Loan Assoc. v. Rae (In re Rae)*, 115 B.R. 6, 8 (Bankr. D.D.C. 1990)).

6

Here, the Deadlines Notice provided that objections to discharge were due by September 19, 2014. The Complaint was filed on September 22, 2014, three days after the Bar Date, and the Plaintiff never filed a motion for an extension of time. Because the rule is mandatory and the Court has no discretion in extending the Bar Date, excusable neglect is not available to justify the Plaintiff's failure to timely file.

### B.    Equitable Tolling

Alternatively, the Plaintiff argues that the Motion should be denied because the doctrine of equitable tolling applies to justify the late filing of the Complaint. The Supreme Court has held that the timeliness provisions in Bankruptcy Rules 4004 and 4007 are not jurisdictional and therefore may be equitably tolled. *See In re Kontrick,* 540 U.S. 443 (2003); *Mirmingos v. Benjamin*, 288 B.R. 521, 522 (N.D. Ill. 2003). In general, a federal limitations period may be equitably tolled where a party's untimely assertion of a cause of action is due, through no fault of its own, to its failure to become aware of facts needed to assert the cause of action until after the statutory period has already expired. *See In re Taylor*, 449 B.R. 686, 688-89 (Bankr. E.D. Pa. 2011) ("The doctrine of equitable tolling applies to every federal statute of limitations and states that '[w]here a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence of care on his part, the bar of the statute does not begin to run until the fraud is discovered.'") (citing *Holmberg v. Armbrecht,* 327 U.S. 392, 397 (1946)). The Third Circuit has held that equitable tolling applies in only three types of cases: (1) where the defendant actively misled the plaintiff regarding the plaintiff's cause of action; (2) where the plaintiff was prevented, due to extraordinary circumstances, from asserting her rights; or (3) where the plaintiff mistakenly asserted her rights in a timely manner in the wrong forum. *In re Rychalsky*, 318 B.R. 61, 64 (Bankr. D. Del. 2004).

The Plaintiff argues that the Bar Date should be equitably tolled because certain bank statements pertaining to the Debtor's divorce requested at the Debtor's § 341 meeting were never provided. Although the Debtor denies failing to provide any requested documents, even assuming *arguendo* that this is true, the doctrine of equitable tolling does not apply to such circumstances. First, the Plaintiff has not plead any facts indicating that the alleged failure to turn over requested documents amounts to conduct designed to actively mislead the Plaintiff with regard to a potential cause of action.[5] Second, the Plaintiff's lack of knowledge of these facts was not an extraordinary circumstance that prevented him from timely asserting his rights. Clearly, the Plaintiff was aware of the Debtor's bankruptcy and certain facts necessary to assert his claims given that the Complaint was filed three days after the Bar Date without the Plaintiff having received the requested documents. Finally, if the Plaintiff felt he needed these documents before he could properly assert his claims and reserve his rights, he could have sought additional time to file his Complaint by moving to extend the Bar Date. He failed to do so.

Thus, the doctrine of equitable tolling does not apply to allow the Complaint to be filed after the Bar Date because the Plaintiff's failure to timely assert his claims was not caused by any wrongdoing on the part of the Debtor or an ignorance of facts pertaining to an available cause of action.

---

[5] It is worth noting that the Plaintiff's assertion that his failure to timely file was caused by the Debtor's refusal to turn over requested documents is not entirely credible given his statement at the hearing that he filed the Complaint on September 22, 2014 after consulting with an attorney and calculating this date to be sixty days from the creditors' meeting. Whatever the cause of the late filing, the mistake in calculating the Bar Date was unreasonable given that the Deadlines Notice stated in bold print that the Bar Date for challenging the dischargeability of a debt was September 19, 2014. No independent calculation was necessary.

**CONCLUSION**

Because the Court has no discretion to allow the Complaint to be filed on the basis of excusable neglect and the doctrine of equitable tolling is inapplicable, the Debtor's Motion to dismiss is granted.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

*s/ Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: January 23, 2015